**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL ACTION V-02-21** |
| | § | |
| **DARRELL KEITH CRITTENDEN** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Pending before the court is Defendant's Motion to Reduce Sentence.  Dkt. No. 52. Defendant argues that because of an amendment to the United States Sentencing Guidelines ("USSG"), his base offense level, and thus his sentence, should be reduced.  Specifically, Defendant relies on the amendment of USSG § 2D1.1 reducing the base offense levels for crack cocaine.

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves to the Court to modify the sentence for reasons outlined in section 3582(c)(1); (2) on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed under Federal Rule of Criminal Procedure 35 according to section 3582(c)(1)(B); and (3) when the Guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the Guidelines' policy statements pursuant to section 3582(c)(2).

Defendant proceeds under the third circumstance.  However, Defendant's offense level was

calculated under USSG § 4B1.1, as a career offender, rather than section 2D1.1.  Thus, the subsequent amendment to section 2D1.1 is inapplicable to Defendant.

For the foregoing reasons, Defendant's Motion to Reduce Sentence is DENIED.

It is so ORDERED.

Signed this 21st day of May, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE